1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OCTAVIO RAMIREZ,

        Plaintiff(s),

v.

WELLS FARGO BANK, N.A.,

        Defendant(s).

2:13-CV-1671 JCM (GWF)

**ORDER**

    Presently before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss.  (Doc. # 4).  Plaintiff Octavio Ramirez has filed a response (doc. # 12) and defendant has filed a reply (doc. # 13).

**I.    Background**

    This is a mortgage foreclosure related lawsuit.[1]  On or about September 19, 2008, plaintiff obtained a loan from non-party MetLife Home Loan ("MetLife") in the amount of $188,442.00.  The loan was used for the purchase of the real property located at 4901 Rancho Verde Court, North Las Vegas, Nevada, 89031 ("the property").  In connection with the loan, plaintiff executed a promissory note and a deed of trust encumbering the property.

---

[1]    The court must lean heavily on the documents provided by defendant to understand the factual background. Plaintiff's complaint provides very few specific facts. The court judicially recognizes all of the following documents: the deed of trust, the assignments of the deed of trust, the substitution of trustee, and the *lis pendens*.  *See Intri-Plex Technology, Inc. v. Crest Group, Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

On or about February 6, 2012, non-party Mortgage Electronic Registration Systems ("MERS"), as nominee for MetLife, executed a corporate assignment transferring the deed of trust and all rights thereunder to MetLife.  The assignment was recorded on February 17, 2012.

On or about September 4, 2012, MetLife substituted non-party Quality Loan Service Corporation in place of the original trustee, First American Title.  The substitution was recorded on September 7, 2012.  It is alleged that Wells Fargo is the trustee of the mortgage backed security in which plaintiff's note has been securitized.

On or about May 21, 2013, plaintiff filed the instant action in Nevada state court and recorded a lis pendens against the property.

**II.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

## III.    Discussion

From what may be gathered from the *pro se* complaint and the reply prepared by counsel, plaintiff seeks to assert claims for negligent and intentional misrepresentation.[2]

To state a claim for misrepresentation, a plaintiff must allege facts demonstrating that: (1) the defendant made a false misrepresentation of a material fact; (2) the defendant knew or believed the representation to is false, or had an insufficient basis for making the representation; (3) the defendant intended to induce plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff justifiably relied upon the misrepresentation; and (5) the plaintiff was damaged from such reliance. *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105 (1992).

In addition, any claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

The *pro se* complaint is devoid of facts sufficient to survive a *Twombly* analysis. It also comes woefully short of meeting the heightened pleading requirement for fraud under Rule 9(b). The complaint fails to allege the "who, what, when, and where" with the requisite specificity. Quite simply, it is unclear what Wells Fargo's role in the "fraud" is even alleged to be.

The reply prepared by counsel does nothing to cure these deficiencies. Instead, the reply

---

[2]  The complaint asserts that this is not an action to quiet title. (Compl., doc. # 1 ¶ 5). However, the prayer for relief requests "reconveyance of said satisfied collateral free of levy and lien." (*Id.*, ¶ V). Plaintiff also asserts he has suffered "loss of income and deformation [sic] of character. . ." however wholly fails to allege any facts supporting a defamation claim. (*Id.*, ¶ 5). The court notes that this is the exact same form complaint previously found deficient in *Maldonado v. U.S. Bank National Association*, case no. 2:13-cv-1292-JCM-NJK, 2014 WL 497026 (D. Nev. Feb. 6, 2014).

1 | argues that, because the complaint was originally filed in state court, it should not be held to the
2 | stricter federal pleading standards.  This argument fails.  "It is well-settled that the Federal Rules of
3 | Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction.
4 | . ."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (internal citations omitted).
5 | Although the complaint was originally filed it state court, it is still subject to the federal pleading
6 | standards.  It fails to meet these standards, and must be dismissed.

**IV.    Conclusion**

Plaintiff has failed to meet the pleading requirements of Rules 8 and 9(b).  As a result, he has failed to properly state a claim upon which relief can be granted.  The motion to dismiss is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the case.

DATED February 13, 2014.

_____
**UNITED STATES DISTRICT JUDGE**